IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALBERT MARIO RUSSAW, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:24-cv-192-TES-CHW |
| | : | |
| CHARLES MIMS, Warden, | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |

## ORDER AND RECOMMENDATION

Before the Court is Respondent Charles Mims's motion to dismiss as untimely this Section 2254 federal habeas action commenced by Petitioner Albert Russaw. (Doc. 10). Petitioner's motion to dismiss for lack of jurisdiction (Doc. 7), which has been construed as a motion to amend or supplement the petition, is **GRANTED**. For the following reasons, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 10) be **GRANTED** and that this action be **DISMISSED** **with prejudice** as untimely.

## BACKGROUND

Petitioner challenges his June 29, 2018 conviction in the Houston County Superior Court for trafficking in cocaine and possession of cocaine with intent to distribute, for which Petitioner received 40 years to serve. (Docs. 1; 11-5, p. 13). Petitioner represented himself at trial (*see* (Doc. 11-3)), but he sought a new trial and appealed his conviction through appointed counsel. *See* (Doc. 1, p. 9; Doc. 11-5, p. 4). Following the denial of his motion for new trial (Doc. 11-5, p. 4-5), the Georgia Court of Appeals affirmed Petitioner's conviction on December 19, 2019. (Doc. 11-1). He did not seek certiorari to the Georgia Supreme Court. Petitioner's appellate counsel informed him by letter that further challenges to his conviction should be made through a writ of habeas corpus. (Doc. 1-5, p. 5).

1

Following his appeal, Petitioner filed a motion to correct a void sentence in the trial court on October 20, 2020, in which he argued that he received ineffective assistance of counsel and that his indictment was not returned in open court. (Doc. 11-5, p. 6). The trial court also noted various other claims, including Petitoner's claim that his sentence was "void because the law does not allow the instant pleadings." (*Id*.) The trial court denied the motion on November 9, 2020. (*Id*.)

Petitioner filed a petition for habeas corpus in the Superior Court of Mitchell County on April 7, 2022. (Docs. 11-2). Following an evidentiary hearing, the state habeas court denied the petition on August 10, 2023. (Doc. 11-3). Petitioner filed an application for a certificate of probable cause with the Georgia Supreme Court (Doc. 11-4), but the application was denied on May 14, 2024. (Docs. 11-6; 11-7).

Petitioner commenced this federal action on June 10, 2024. (Doc. 1). Pursuant to the Court's order for response (Doc. 4), Petitioner amended his petition. (Doc. 5). He also filed a motion to dismiss for lack of jurisdiction,[1] arguing that the trial court did not have jurisdiction over his criminal case because the indictment was not returned in open court. (Doc. 7). Respondent answered (Doc. 9) and moved to dismiss the petition as untimely. (Doc. 10). For the reasons explained below, Petitioner's federal habeas petition is untimely and is not subject to equitable tolling.

*Untimeliness Under the AEDPA*

Under the Antiterrorism and Effective Death Penalty Act or "AEDPA," a one-year limitation period applies to Section 2254 federal habeas petitions. Normally, as here, that limitation period begins to run as of the "date on which the judgment became final by the conclusion of direct

---

[1] Petitioner's motion to dismiss for lack of jurisdiction (Doc. 7) is construed as a motion to amend or supplement his petition. Under this interpretation, the motion is **GRANTED**.

review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). To determine this date, the Court must "look to the actions taken by the state court and the relevant state law" when determining whether the state direct appellate review process has been completed. *Chamblee v. Florida*, 905 F.3d 1192, 1196 (11th Cir. 2018). AEDPA further provides for statutory tolling of the limitation period while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment … is pending." 28 U.S.C. § 2244(d)(2).

Because Petitioner did not seek certiorari to the Georgia Supreme Court after the Georgia Court of Appeals affirmed his conviction on December 19, 2019, his conviction became final twenty days later on January 8, 2020. Ga. S. Ct. R. 38; *Stubbs v. Hall*, 308 Ga. 354 (2020). From that date, the AEDPA's one-year clock began to run.

On October 20, 2020, Petitioner filed a motion to correct void sentence (Doc. 11-5, p. 6), which is a motion that can serve to toll the AEDPA clock if properly filed. *Estes v. Chapman*, 382 F.3d 1237 (11th Cir. 2004) (recognizing that a motion to correct void sentence may toll the AEDPA clock) (overruled by *Jones v. Sec., Fla. Dept. of Corr.*, 906 F.3d 1339 (11th Cir. 2018) as to whether that motion was timely and properly filed). Respondent did not address the effect of this motion despite including the trial court's order in the record. Because the trial court's order denying the motion to correct a void sentence did not address the motion's timeliness, the Court should consider it a properly filed motion that tolled the AEDPA clock. *Jones*, 906 F.3d 1339 (recognizing the rule set forth in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) that "'…a state postconviction petition is…not 'properly filed' if it was rejected by the state court as untimely'") (citations omitted). When the AEDPA clock tolled on October 20, 2020, there were 79 days remaining in the limitations period.

The AEDPA clock begun to run again on November 9, 2020, when the trial court denied the motion to correct void sentence. (Doc. 11-5, p. 6). The AEDPA clock, therefore, expired on January 27, 2021. Petitioner filed no other motion attacking his conviction until he filed his state habeas petition on April 7, 2022. (Docs. 11-2), more than a year after the AEDPA clock expired. Therefore, the instant Section 2254 petition is untimely and subject to dismissal.

*Equitable Tolling*

The AEDPA limitations period can be subject to equitable tolling. "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). Petitioner did not specifically address this argument, but instead generally argues that the alleged errors in his case are not subject to time limits. *See* (Doc. 14). These alleged errors do not serve as a basis for equitable tolling. Petitioner was represented on appeal and was alerted by counsel that a writ of habeas corpus was the avenue for further relief after his conviction was affirmed. (Doc. 1-5, p. 5). The record shows that Petitioner was able to file a motion to correct void sentence in the trial court, but then took no further action until he filed his state habeas action over a year later. To the extent that Petitioner would argue that his appellate counsel's letter spoke only to the state habeas statute of limitations and he should thus be excused from the AEDPA deadline, such an argument would fail. *See Perez v. Florida*, 519 F. App'x 995 (2013) ("[W]e have not accepted a lack of legal education and related confusions or ignorance about the law as excuses for failure to file in a timely fashion") (citations omitted). Petitioner has not shown that he was prevented or otherwise unable to comply with the AEDPA limitations period. Petitioner has not demonstrated, and the record does not show, the extraordinary circumstances necessary to entitle Petitioner to equitable tolling.

**CONCLUSION**

Petitioner's motion to dismiss for lack of jurisdiction (Doc. 7), which has been construed as a motion to amend or supplement the petition, is **GRANTED**. As explained above, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 10) be **GRANTED** and that this action be **DISMISSED with prejudice** as untimely.

Additionally, pursuant to the requirements of Rule 11 of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is further **RECOMMENDED** that the Court deny a certificate of appealability in its final order.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Objections are limited to twenty pages in length. M.D. Ga. Local Rule 7.4. The District Judge will make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for

failing to object. In the absence of a proper objection, however, the court may review on appeal

for plain error if necessary in the interests of justice."

**SO ORDERED AND RECOMMENDED**, this 18th day of November, 2024.


s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge