IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALBERT MARIO RUSSAW,<br><br>*Petitioner*,<br><br>v.<br><br>Warden CHARLES MIMS,<br><br>*Respondent*. | CIVIL ACTION NO.<br>5:24-cv-00192-TES-CHW |

# ORDER

Before the Court is Petitioner Albert Russaw's Motion to Disqualify [Doc. 19], along with his Objections [Doc. 20] to Judge Weigle's Recommendation [Doc. 15].[1] The Court addresses Petitioner's Motion and Objections in turn.

### I.     Motion to Disqualify

In his Motion, Petitioner asks the Court to disqualify United States Magistrate Judge Weigle. Petitioner relies on 28 U.S.C. §§ 455(a) and (b)(1). Under subsection (a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute also enumerates certain other circumstances requiring a judge to disqualify himself. 28 U.S.C. § 455(b)(1)–(5).

---

[1] The Court previously adopted Judge Weigle's Recommendation in full following a clear-error review after finding that Petitioner failed to object or seek an extension of time to file objections. [Doc. 17]. Following that Order, Petitioner filed timely objections.[1] Therefore, the Court **VACATES** its prior Order [Doc. 17] and Judgment [Doc. 18].

The standard under subsection (a) is objective and requires the Court to ask "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)). In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted) (per curiam). As a result, "a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("[The bias] must derive from something other than that which the judge learned by participating in the case.").

In this case, Petitioner has not pointed to any specific facts showing that any sort of extrajudicial bias existed. *See Liteky*, 510 U.S. at 551, 555. It is clear that "[r]epeated rulings against a litigant, no matter how erroneous and how vigorously and consistently expressed, are not a basis for disqualification of a judge on the grounds of bias and prejudice." *See Maret v. United States*, 332 F. Supp. 324, 326 (E.D. Mo. 1971).

The standard under 28 U.S.C. § 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'" *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)). Again, Petitioner has failed to establish any personal or pervasive bias by Judge Weigle, and Petitioner also fails to identify any specific "disputed evidentiary facts" of which the Court might have knowledge. Any knowledge gained through the course of a judicial proceeding is not a "disputed evidentiary fact" that requires recusal. *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999) (per curiam). Instead, knowledge of disputed evidentiary facts must be gained through an extrajudicial source to warrant recusal. *See id.* Petitioner has not asserted that such knowledge exists here.

In sum, Petitioner failed to show that Judge Weigle harbors the type of pervasive bias or prejudice against him that would otherwise require recusal. Thus, the Court **DENIES** Petitioner's Motion to Disqualify [Doc. 19].

**II.     Objections**

Section 636 of Title 28 from the United States Code states that after the magistrate judge files his proposed findings and recommendations, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court[]" and that "[a] judge of the court shall make a de novo determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Thus, "[a]fter a magistrate judge has issued a report and recommendation under [28 U.S.C.] § 636(b)(1)(B), a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009).

Under that *de novo* review, Petitioner's arguments are unpersuasive. Indeed, Judge Weigle's Recommendation is based entirely on Petitioner's untimely filing of his § 2254 Petition. [Doc. 15, p. 4]. But, Petitioner fails to mention the Antiterrorism and Effective Death Penalty Act or its one-year limitation period ***at all*** in his Objections. *See generally* [Doc. 20]. Petitioner's Objection can easily be lumped into the category of "general objections [that] need not be considered by the district court." *Schultz*, 565 F.3d at 1361. Instead of pinpointing the specific holding of Judge Weigle's Recommendation, Plaintiff offers arguments of bias and contends that "the [R]espondent never attempt[ed] to prove beyond a reasonable doubt that the [P]etitioner was ever indicted by a Houston County Grand Jury[.]" [Doc. 20, p. 1]. Those arguments miss the mark. In the end, Petitioner's § 2254 Petition is untimely and this Court lacks jurisdiction to consider it.

Accordingly, the Court—once again—**ADOPTS** the United States Magistrate Judge's Recommendation [Doc. 15] and **MAKES IT THE ORDER OF THE COURT**.

4

5

Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss [Doc. 10] and **DISMISSES** Petitioner's Petition [Doc. 1]. The Clerk is **DIRECTED** to **REENTER** Judgment and **CLOSE** this case.

**SO ORDERED**, this 11th day of December, 2024.

<u>S/ *Tilman E. Self, III*</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**